MRS. TIM GOLDEN v. CITY OF GALVESTON.

Decided March 9, 1899.

**1. Married Woman—Right to Contract Without Abandonment.**

A married woman whose husband is living in another State, although he has not abandoned her, has power to seek and obtain a lease to land on which she is living, when suit is brought against her to recover possession thereof.

**2. Estoppel—Tenant Denying Landlord's Title.**

One who accepts a lease of land from the plaintiff in an action to recover possession thereof in whose favor judgment has been rendered is estopped while remaining in possession to deny plaintiff's title.

APPEAL from Galveston. Tried below before Hon. WILLIAM H. STEWART.

*S. S. Hanscomb,* for appellant.

*R. Waverley Smith,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—Suit by appellee against appellant to recover lot 14 in block 568 in the city of Galveston. The appellant answered the plaintiff's petition by plea of not guilty and the statute of ten years limitation. The plaintiff in replication to defendant's answer pleaded that the defendant entered into the possession of the premises under a lease from plaintiff, and was the tenant of plaintiff, and averred that defendant was estopped from denying plaintiff's title; that the lot in controversy was dedicated to the city for public purposes by the Galveston City Company, and that the defendant could not acquire the property as against the city under the statute of limitations; and the plaintiff prayed in the alternative that it recover the property, or that its right to the use of same be established, and the obstructions thereon removed.

Upon trial of the cause, June 20, 1898, verdict and judgment were rendered for the plaintiff; the verdict was for the plaintiff for the lot, and for the defendant for the improvements thereon, and judgment was in accordance with the verdict. Defendant duly appealed to this court and here presents several assignments of error.

The facts of the case are succinctly these: Both parties claim title from the Galveson City Company. On the 22d day of April, 1840, the directors of the Galveston City Company made the following order: "That southern half of block 568 be reserved for a market, and that said half block, together with full lots in each of blocks 560 and 611 be conveyed by the agent to the corporation of the city of Galveston, to be used only for the purposes of market places for the public convenience." The plaintiff proved by the testimony of a former mayor of the city of Galveston that in 1858, the city being apprehensive that the city company might not adhere to some of the dedications claimed by the city council to have been made, by an order of its council caused a map to be printed of the city, and on which the dedications claimed by the city to have been made by the Galveston City Company were delineated; and among these was the property in litigation. The plaintiff also showed that for several years prior to the institution of this suit it had claimed the property; that the south half of block 568 was in 1879, 1880, 1882, 1886, 1888, and 1890 placed upon the records of the city as a portion of its assets, and that Mr. Tim Golden, the husband of the appellant, in 1880 occupied with others the city's property, and some of them acknowledged the title of the city to the property occupied; and these occupants were notified to pay the rents due the city for them, and that Golden did make a payment or settlement with the city clerk. Tim Golden, now deceased, with his wife, the appellant, and their children, settled on the lot in question in 1870, and Mrs. Golden, with her husband until his death, has continuously occupied the same in person or by tenants. In 1879 the

plaintiff instituted an action of forcible entry and detainer against Golden and his wife to recover possession of the premises; service was duly had on Mr. Golden by leaving at their residence with his wife a copy of the citation, and a copy of the citation was also delivered to Mrs. Golden in execution of the writ as to her, and defendants made default, and upon trial of the case verdict was rendered ·for the plaintiff, and judgment was rendered in accordance therewith. At this time Mr. Golden was absent, and the evidence tends to show that he was in the State of Colorado; that he was engaged in mining several years in that State all of the witnesses, both for plaintiff and defendant, are agreed; though the time of his departure and of his return to this State is left in doubt by the evidence. But our conclusion is, that at the time of the suit of forcible entry and detainer, and the judgment therein, he was in Colorado; but our further conclusion is, that the evidence does not establish an abandonment by Golden of his wife. After the judgment in the action of forcible entry and detainer had been rendered for the city of Galveston, but before the defendant, Mrs. Golden, was actually ousted from the premises, she made a written communication to the city council in which she stated she was living on part of the lot here in controversy; that two suits were brought by the city attorney before Justice Sampson to recover said property, and were still pending; that if she were ejected she would suffer great loss and injury; that she had not the means to litigate, nor was she desirous of litigating with the city; and she proposed to pay $30 in settlement of the city's demands for rent, and to pay $5 per month thereafter; and this proposition was accepted by the city council, and the appellant remained in possession of the premises, and has continued to occupy same to present time in person or by tenant.

This court is of the opinion that the appellant, though a married woman at the time, was, under the circumstances, capable to seek and obtain from the city a lease to the lot for which she was being sued; and by reason of such acceptance, and the absence of any evidence in this suit of title by the appellant to the lot in question, the appellee should recover the property. We think under the circumstances existing at the time judgment was rendered in the forcible entry and detainer action, the abandonment of appellant by her husband was not essential to capacitate her to contract as she did with the city, and to accept a lease to the property. Under this view of the law, it becomes unnecessary to determine the propositions presented under appellant's assignments, and the judgment is affirmed.

*Affirmed.*